```
             UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF MISSISSIPPI
                   NORTHERN DIVISION

DARRENLYN WILLIAMS, THE
NATURAL MOTHER TO MINOR K.S.                           PLAINTIFF

VS.                       CIVIL ACTION NO. 3:24-cv-627-TSL-LGI

WALMART STORES EAST, LP
FACILITY (#903), AND JOHN DOES 1-1                     DEFENDANTS
```

MEMORANDUM OPINION AND ORDER

Before the court is the motion of defendant Walmart Stores East LP (Walmart) for summary judgment. Plaintiff Darrelyn Williams, the natural mother to minor K.S., opposes the motion, and the court, having considered the parties' memoranda and defendant's submissions, concludes that the motion is well taken and should be granted.

Allegations:

According to the complaint:

> Per the Customer Incident Report, … as the plaintiff and her mother were standing near the school supply aisle, speaking with a Walmart sales associate – Jasmine Course. Then suddenly and without provocation, the Walmart store locator sign suddenly fell and hit the plaintiff in her head. Yolanda Cushinberry, Walmart employee, drafted and signed Customer Incident Report. The alleged locator sign was not hanging in the manner, to which, the plaintiff knew or should have known that the sign had a potential to fall down. Nor did the Plaintiff interact with the sign to make it come down.

The complaint charges Walmart was negligent, reciting:

> At the time of this incident, the Defendant possessed

1

> a duty of ordinary care to maintain a proper[ly] managed facility.  Defendant was negligent in [that it] failed to posses[s] and exercise its ordinary duty to care to effectively, efficiently, and properly determine [i]f the faculty is safe manner for invitees to shop.  It is clear that Defendant breached its duties and was negligent in failing to do what a reasonable, prudent business/store owner would have done under these circumstances. . . .
> Defendant owed a duty to the Plaintiff:  a. To inspect the premises, and b. To make the premises safe[.]  To this end, Defendant failed to inspect the premises for items that hang from the store.  There should be daily, weekly, monthly or yearly inspection of hanging items to ensure they are safe and secure.  Defendants further failed to make the premises safe [by] failing to monitor locator signs that are located throughout the store.  It's very reasonable that a sign, will eventually fall if it is not part of the maintenance plan.

Per the complaint, plaintiff has three theories of liability: (1) general negligence; (2) premises liability; and (3) negligence per se.

Standard:

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "The party that moves for summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrates the absence of a genuine issue of material fact."  Tubacex, Inc. v. M/V Risan, 45 F.3d 951, 954 (5th Cir. 1995) (citing Celotex Corp. v. Catrett, 477 U.S. 317,

2

323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986)). "If the moving party fails to meet this burden, the motion must be denied, regardless of the nonmovant's response." Id. If the movant does meet this burden, the nonmovant is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. Id. (citing Celotex, 477 U.S. at 323, 106 S. Ct. 2548; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986)).

Arguments and Analysis:

By its motion, Walmart maintains that plaintiff's claims based on each of the three referenced theories fail as a matter of law. Regarding premises liability/general negligence, it points out that plaintiff cannot: (1) establish the existence of a dangerous condition; (2) show evidence of a negligent act on Walmart's part; and (3) present evidences that Walmart had actual or constructive knowledge of the alleged hazard.[1]  In

---

[1] As to plaintiff's putative negligence per se theory, Walmart argues that plaintiff cannot point to any statute or ordinance that it has allegedly violated. By her response, plaintiff failed to address this well taken argument. It follows that Walmart is entitled to summary judgment on this theory.
   Further, while plaintiff references gross negligence in her response, she did not plead gross negligence in the complaint and certainly has provided neither factual allegations nor evidence as would support punitive damages. See Evans v. Englund Equip. Co., No. 1:24-CV-304-HSO-BWR, 2025 WL 2164549, at *5 (S.D. Miss. July 30, 2025) (stating that punitive damages may be available where there is gross negligence and explaining that "gross negligence is that course of conduct which, under the

support of its motion, Walmart points to the deposition testimony of plaintiff and of her daughter, which it contends clearly demonstrates the lack of evidence to support plaintiff's allegations of negligence under any theory. Plaintiff's daughter testified that she has no recollection whatsoever of the incident. According to plaintiff's own testimony, offered by Walmart, all she knows about the incident is that a sign struck her daughter in the head as the two were standing in an aisle at Walmart. Other than the fact that the sign struck her daughter, she knows nothing of the incident. For example, she had no idea where the sign came from, what it was made of, how it was hung or what caused it to fall.

    Plaintiff has offered no evidence in response. Rather, in response, she merely states that she is waiving and abandoning her claim based on a premises liability theory and instead proceeding only on her "active negligence" theory. She further declares, without legal support, that she has no burden of proof at this juncture in the litigation, and, without factual or evidentiary support, that she has made a prima facie case of active negligence.

---

particular circumstances, discloses a reckless indifference to consequences without the exertion of any substantial effort to avoid them.") (citation modified). Summary judgment is therefore appropriate as to this putative claim as well.

Contrary to plaintiff's professed understanding, where the defendant has shown that there is an absence of a genuine issue of material fact, it is her burden to go beyond the pleadings and come forward with proof to establish the existence of a genuine issue of material fact. See Tubacex, Inc., 45 F.3d at 954. Regardless of whether plaintiff is traveling under a premises liability or general negligence theory, she has wholly failed to point to any evidence showing a dangerous condition, much less Walmart's knowledge, either actual or constructive, of any dangerous condition, and she has presented no proof of any negligent act on Walmart's part. See Dolgencorp, LLC v. Payton, 366 So. 3d 838, 842 (Miss. 2023) (to show defendant breached its duty of reasonable care to business invitee, plaintiff must prove "that the business owner, through the negligent act of its employees, created the dangerous condition" at issue, or, while not creating the condition, had actual knowledge of it, or the condition existed for sufficiently long to establish constructive knowledge.") (citation modified); Sanderson Farms, Inc. v. McCullough, 212 So. 3d 69, 76 (Miss. 2017) ("to prevail on a claim of negligence, the plaintiff must establish by a preponderance of the evidence each of the elements of negligence: duty, breach, causation and injury") (citation modified). As plaintiff has failed to create a genuine issue of material fact, Walmart's motion will be granted.

5

Based on the foregoing, it is ordered that Walmart's motion for summary judgment is granted.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 17th day of October, 2025.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE